UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN M. MATTES, | ) | CASE NO. 4:17-CV-952 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| JESSICA JONES, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 53, 56, 58, 61] |

Pending are Defendants' motion to dismiss (ECF No. 53) and Plaintiff's motions for appointment of counsel (ECF No. 56), extension of time to file a response to Defendants' answer (ECF No. 58), and to admit into evidence (ECF No. 61). Plaintiff filed a response in opposition to Defendants' motion to dismiss (ECF No. 57), and Defendants declined to file a reply.

For the reasons stated below, the motion to dismiss (construed in part as a motion for summary judgment) is granted, the motion for appointment of counsel is denied, and the motion for extension of time and the motion to admit into evidence are denied as unnecessary.

**I. Background**

Plaintiff advances *Bivens*[1] claims against Defendants, all officials at the Federal Bureau of Prisons and at FCI Elkton, a federal correctional institution. His allegations can be grouped in three categories: (1) failure to protect in violation of the Eighth Amendment to the United States Constitution, (2) denial of access to the courts and retaliation in violation of the First

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

Amendment, and (3) denial of due process in violation of the Fifth Amendment.  Plaintiff's factual allegations are extensive.  *See* ECF No. 1 at PageID #: 4-71.

After a protracted effort, service of process has been returned executed on all Defendants, as well as the United States Attorney General and the United States Attorney for the Northern District of Ohio pursuant to Fed. R. Civ. P. 4(m).  *See* ECF Nos. 7, 44, 55.

In their joint motion (ECF No. 53), Defendants urge dismissal based on untimely service and lack of personal jurisdiction, untimeliness relative to the statute of limitations, qualified immunity, and failure to exhaust administrative remedies.

## II.  Standard of Review

### A.  Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Affirmative defenses, including those pertaining to qualified immunity and the relevant statute of limitations, may be addressed on a Rule 12(b)(6) motion to dismiss if the complaint itself alleges facts sufficient to prove the existence and applicability of such defenses.  *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) ("[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.") (citation omitted).

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court takes all well-pleaded allegations in the complaint as true and construes those allegations in the light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

### B. Rule 56 Motion for Summary Judgment

If an affirmative defense is based on matters outside the complaint and is raised by a motion under Rule 12(b)(6), then the Court must construe the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Although presented as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), portions of Defendants' filing are best construed as a request for summary judgment according to Fed. R. Civ. P. 56. Defendants attached exhibits and relied on evidence to support certain arguments, and Plaintiff responded in kind. *See* ECF Nos. 53-2, 57. Given the duration of the litigation to this point and both parties' thorough presentation of evidence in their filings, the Court perceives that both parties have had a "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has

(4:17-CV-952)

failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

### III. Defendants' Motion

#### A. Rules 4(m) and 12(b)(2): Untimely Service and Personal Jurisdiction

At the time Defendants' motion was filed, Defendants had not yet been properly served pursuant to Fed. R. Civ. P. 4(m) because the Attorney General and the United States Attorney for the Northern District of Ohio had not yet been served with process in accordance with Fed. R. Civ. P. 4(*i*). Defendants moved for dismissal on that basis.

Since that time, the Attorney General and the United States Attorney for the Northern District of Ohio have been served. ECF No. 55. The motion to dismiss is denied insofar as it relies on a defense of untimely or insufficient service or lack of personal jurisdiction.

#### B. Rule 12(b)(6): Claims Pursuant to 18 U.S.C. § 4042

To the extent Plaintiff purports to allege a claim pursuant to 18 U.S.C. § 4042 (*see* ECF No. 1 at PageID#: 4), that claim must be dismissed as a matter of law.[2] Section 4042 establishes the general duties of the Bureau of Prisons, but it does not create a private right of action against individual Bureau of Prisons officers. *Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004).

---

[2] Plaintiff expressly disclaims any such cause of action in his response brief. ECF No. 57 at PageID#: 539, 541.

4

(4:17-CV-952)

### C. Rule 12(b)(6): Statute of Limitations

Ohio's two-year statute of limitations applies to *Bivens* actions. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017); *see* Ohio Rev. Code § 2305.10. This litigation commenced on May 4, 2017. ECF No. 1. Defendants urge that all claims "that accrued prior to May 4, 2015, are barred by the applicable statute of limitations." ECF No. 53-1 at PageID#: 485. Plaintiff rejoins that, because he was diligently pursuing administrative remedies, the limitations period should be tolled. ECF No. 57 at PageID#: 538. Plaintiff goes on to list eight administrative-remedy requests that, he says, invite equitable tolling of the statute of limitations. *Id.* at PageID#: 538-39.

Of those eight purported administrative claims, however, the earliest was submitted on September 23 or 24, 2016, well within the period of limitations. *Id.* at PageID#: 538, ¶ 3. Plaintiff does not argue that his limitations period should be tolled for claims that accrued prior to May 4, 2015, as Defendants posit.

To the extent Plaintiff's allegations state claims that accrued prior to May 4, 2015 (*see* ECF No. 1 at PageID#: 20-28), those claims are dismissed because they are time-barred.

### D. Rule 12(b)(6): Qualified Immunity

Defendants assert that "Defendants are entitled to qualified immunity for all claims premised upon an alleged violation of BOP policy, code of conduct or Program Statement." ECF No. 53-1 at PageID#: 487. But they point to no specific claims that they wish for the Court to dismiss on that ground.

5

(4:17-CV-952)

Plaintiff's claims arise under the Eighth, First, and Fifth Amendments to the United States Constitution. The Court cannot award blanket qualified immunity to Defendants absent any application of law to facts. The motion to dismiss is denied insofar as it relies on a defense of qualified immunity.

**E. Rule 56: Failure to Exhaust Administrative Remedies**

The parties rely on evidence to support their respective positions with respect to exhaustion of administrative remedies. *See* ECF Nos. 53-2, 57. For that reason, as explained above, the Court construes Defendants' motion to dismiss as a motion for summary judgment insofar as it pertains to exhaustion of administrative remedies.

Exhaustion of administrative remedies is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); 42 U.S.C. § 1997e(a). Defendants posit that, although Plaintiff "filed numerous grievances," he "fully exhausted only one administrative grievance, Administrative Remedy No. 829584-A1." ECF No. 53-1 at PageID#: 482. Defendants concede that the subject matter of that grievance, a July 1, 2015, search and confiscation of some items in his cell, may persist in this litigation against Defendant Jones. *Id.* at PageID#: 483-85. They urge that all other claims and all other Defendants should be dismissed for failure to exhaust administrative remedies.

For his part, Plaintiff insists that he filed at least eight additional administrative remedy requests that were never recorded in the Bureau of Prisons' grievance database. ECF No. 57 at PageID#: 538-39. Plaintiff listed the same eight unaccounted-for grievances in a declaration attached to his Complaint. ECF No. 1-20 at PageID#: 130. He also submits contemporaneous notes and messages from 2016 tending to show that he did, in fact, file eight grievances that are

(4:17-CV-952)

not mentioned in Defendants' narrative account.  ECF No. 57 at PageID#: 532-33, 536-37.

Defendants do not acknowledge the existence of these purported grievances in their briefing, and there is no sign of the existence of such grievances in Defendants' attached exhibits.  They declined to file a reply brief reconciling the discrepancy between Plaintiff's account and their own.

On a motion for summary judgment, disputed facts are viewed in the light most favorable to the nonmoving party.  To the extent Defendants deny that Plaintiff ever filed the eight unaccounted-for grievances, that factual dispute must be resolved in Plaintiff's favor at this stage.  It remains, however, for the Court to discern whether that dispute makes any difference.

Plaintiff confirms that he did not pursue his eight unaccounted-for grievances to the top of the chain of appeals; that is, to the Bureau of Prisons Central Office.  He urges, however, that he received no response as to most of those grievances, and he was therefore unable to pursue them up the chain.  *See id.* at PageID#: 531, 534-35.  For that reason, he argues, he has exhausted all the remedies that were made available to him, which is all he was statutorily obligated to do before commencing this litigation.  *See* 42 U.S.C. § 1997e(a) ("until such administrative remedies *as are available* are exhausted") (emphasis added).

In general, pursuant to 28 C.F.R. §§ 542.10 through 542.19, prisoner grievances escalate in the following order:

- Step One: Form BP-8 (informal complaint to staff), 28 C.F.R. § 542.13(a);

- Step Two: Form BP-9 (formal Administrative Remedy Request to Warden), 28 C.F.R. § 542.14;

7

(4:17-CV-952)

- Step Three: Form BP-10 (appeal to BOP Regional Director), 28 C.F.R. § 542.15;

- Step Four: Form BP-11 (appeal to BOP General Counsel, Central Office), 28 C.F.R. § 542.15.

A BP-9 request must be filed within 20 calendar days from the date of the incident described therein. Fed. Bur. Prisons, Program Statement 1330.18, at 4-5. Discounting extensions, which may be invoked only by written notice, Form BP-9 requests should be answered within 20 calendar days of submission, Form BP-10 requests within 30 calendar days, and Form BP-11 requests within 40 calendar days. 28 C.F.R. § 542.18. A failure to respond within those time frames is to be treated as a denial of the grievance request at that level. *Id.*

In theory, an inmate can pursue the entire chain of appeals even if his grievances elicit no responses: All unanswered grievances are treated as denials, and the inmate can, in theory, appeal a denial-by-silence. But even so, an inmate needs access to proper forms in order to appeal a grievance denial. An inmate cannot submit a BP-9 grievance if he is not provided a BP-9 form.

Plaintiff states that Defendant Jones told him he "could not get a BP-9 form until he receives an answer to the BP-8, no matter how long that takes." ECF No. 57 at PageID#: 531; *see* ECF No. 1 at PageID#: 49; ECF No. 1-20 at PageID#: 129-30. Plaintiff says he "knew this was incorrect, because he was aware that he had only 20 days from the date of the incident to file his BP-9, and [Defendant Jones], herself, stated that inmates were to allow 14 days to [*sic*] for staff to respond to the BP-8." ECF No. 57 at PageID#: 531; *see* ECF No. 1-20 at PageID#: 129 ("[Defendant Jones] claimed that we are to allow her 14 days to respond to BP-8s."). Plaintiff

(4:17-CV-952)

describes a catch-22: He was to treat silence as an appealable denial, but he was not provided the means to appeal such a denial.

The Sixth Circuit's decision in *Risher v. Lappin* addressed a similar scenario. *Risher v. Lappin*, 639 F.3d 236 (6th Cir. 2011). In that case, the inmate-Plaintiff "affirmatively endeavored to comply" with the administrative grievance process but was prevented from doing so by nonresponsive Bureau officials. *Id.* at 240. "Under the circumstances," the court concluded, "Risher's efforts were sufficient. It is well established that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id.* (quotation marks and citations omitted). After all, the court stated, "[w]hen *pro se* inmates are required to follow agency procedures to the letter in order to preserve their federal claims, we see no reason to exempt the agency from similar compliance with its own rules." *Id.* at 241.

Defendants have been on notice of Plaintiff's position about exhaustion since this litigation was initiated. *See* ECF No. 1 at PageID#: 45-59, 71; ECF No. 1-20 (declaration detailing Plaintiff's efforts to exhaust administrative remedies). Nevertheless, they declined to engage with his position in their motion or in a reply brief. Their failure even to discuss Plaintiff's purported efforts at exhaustion creates, at least, a genuine dispute of material fact in that respect.

To the extent Plaintiff's eight unaccounted-for grievances (ECF No. 57 at PageID#: 538-39; ECF No. 1-20 at PageID#: 129-30) match the factual allegations and stated causes of action listed in his Complaint, those claims will not be dismissed for failure to exhaust administrative remedies. The Court identifies four such claims against three Defendants:

9

(4:17-CV-952)

>  (1) First Amendment retaliation claim against Defendant Jones based on the alleged July 1, 2015, search of Plaintiff's cell[3] and her alleged misconduct in obstructing or preventing Plaintiff from seeking recourse;
>
>  (2) First Amendment retaliation claim against Defendant Burton based on his alleged threatening and intimidating conduct to prevent Plaintiff from pursuing grievances and litigation;
>
>  (3) First Amendment retaliation claim against Defendant Hayes based on his alleged false punishment of Plaintiff after the Unit Discipline Committee hearing on September 8, 2016;
>
>  (4) Fifth Amendment claim against Defendant Hayes for violating due process at the Unit Discipline Committee hearing on September 8, 2016, resulting in a deprivation of good-time credits.[4]

Allegations in the Complaint that do not pertain to the matters listed above must be dismissed for failure to exhaust administrative remedies. Accordingly, all of Plaintiff's Eighth Amendment claims, all other Due Process claims, and all other claims against Defendants Tammy McGeehan, Vinnie Burton, Steven Grimm, R. Hanson, Michael D. Talefski, and Bill Story are dismissed.

There is no genuine dispute that the remaining claims were not exhausted in the administrative grievance system. That said, the remaining claims raised in Plaintiff's grievances must be dismissed from this litigation even if administrative remedies were exhausted.

---

[3] Defendants conceded that Plaintiff had exhausted administrative remedies with respect to these claims. ECF No. 53-1 at PageID#: 484-85.

[4] Plaintiff seeks damages through a *Bivens* action, not restoration of good-time credits. He can seek the latter only through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

10

### F. Rule 12(b)(6): Due Process Claims

To the extent Plaintiff alleges that Defendants' mishandling of his grievances gives rise to a due-process claim,[5] he is incorrect. "[T]here is no constitutionally protected due process right to unfettered access to prison grievance procedures."[6] Walker v. Mich. Dep't of Corrections, 128 F. App'x 441, 445 (6th Cir. 2005) (citations omitted); see Williams v. Armstrong, 566 F. App'x 106, 109 (3d Cir. 2014) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)) (additional citation omitted). Accordingly, Plaintiff's Fifth Amendment claim against Defendant Hayes is dismissed.

Additionally, Plaintiff describes certain of his grievances as implicating "FCI Elkton's staff,"[7] but he does not name names. A *Bivens* lawsuit cannot proceed against an indefinite set of anonymous prison officials. Claims based on those nonspecific grievances are dismissed.

### G. Rule 12(b)(6): Retaliation Claims against Jones, Burton, Hayes

The only remaining claims left for the Court to consider are Plaintiff's retaliation claims against Defendants Jones, Burton, and Hayes. These claims must also be dismissed because they are not cognizable under *Bivens*.

---

[5] *See* Plaintiff's grievances labeled AA-378, AA-384, and AA-385. ECF No. 1-20 at PageID#: 129-30.

[6] By contrast, "[p]risoners have a First Amendment right to file institutional grievances without being subject to retaliation . . . ." Walker, 128 F. App'x at 445 (citing Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000))

[7] *See* Plaintiff's grievances labeled AA-385 and AA-386. ECF No. 1-20 at PageID#: 130.

(4:17-CV-952)

In *Ziglar v. Abassi*, the Supreme Court set out a two-step test for determining whether a claim may be brought under *Bivens*. Ziglar v. Abassi, 137 S. Ct. 1843, 1859-60 (2017). First, a court must determine whether the claim presents a new context. "The proper test for determining whether a case presents a new *Bivens* context is as follows. If the case is different in a meaningful way from previous *Bivens* cases decided by the Court, then the context is new." Id. at. 1859. When a claim presents a new context, the Court must assess whether there are any "special factors counseling hesitation" to recognizing a *Bivens* claim. Id. at 1860.

First Amendment retaliation claims are under a new context to the limited *Bivens* claims the Supreme Court has recognized. See Himmelreich v. Federal Bureau of Prisons, 2019 WL 4694217, at * 10 (N.D. Ohio Sept. 25, 2019). Therefore, the Court must consider whether there are any "special factors counseling hesitation."

After *Abassi*, courts around the nation have held that a First Amendment retaliation claim is not cognizable under *Bivens*. See Free v. Peikar, 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (collecting cases); *see also, e.g.*, Atkinson v. Broe, 2019 WL 231754 (W.D. Wis. Jan. 16, 2019); Cox v. True, 2018 WL 6928796 (S.D. Ill. Sept. 20, 2018) (Wilkerson, M.J.), report and recommendation adopted at 2019 WL 95478 (Jan. 3, 2019); Early v. Shepherd, 2018 WL 4539230 (S.D. Ind. Sept. 21, 2018); Akande v. Philips, 2018 WL 3425009 (W.D.N.Y. July 11, 2018); Johnson v. Johnson, 2018 WL 4374231 (S.D.W.V. June 5, 2018); Reid v. United States, 2018 WL 1588264 (E.D. Cal. Apr. 2, 2018); Gonzalez v. Bendt, 2018 WL 1524752 (D.S.D. Mar. 28, 2018); Andrews v. Miner, 301 F. Supp. 3d 1128 (N.D. Ala. Aug. 25, 2017).

12

(4:17-CV-952)

Although the Sixth Circuit has not addressed this issue, that Court has recognized that a plaintiff may seek damages under *Bivens* for First Amendment retaliation under limited circumstances.[8] *Himmelreich,* 2019 WL 4694217, at *16. But *Himmelreich* should not be construed as a blanket recognition that all First Amendment retaliation claims are cognizable under *Bivens*. On the contrary, the Supreme Court's "special factors counseling hesitation" analysis in *Abbasi* underscores that it is a highly fact-intensive inquiry. *See Abbasi*, 137 S. Ct. at 1858-69. *Himmelreich* was limited to its unique facts. *Himmelreich,* 2019 WL 4694217 at * 11 (*"On the facts alleged*, the Court cannot conclude that the existence of a prison grievance procedure counsels hesitation in inferring a *Bivens* cause of action" (emphasis added)). The Court emphasized that the Sixth Circuit had found that the "BOP grievance was not available to Plaintiff." *Id*. On that basis, the Court noted that it would "be senseless to conclude . . . those administrative remedies, unavailable to him, were adequate to provide the relief he sought." *Id*.

*Himmelreich* presented a significantly different issue from that in this case. "[E]xpanding the *Bivens* remedy is a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (citations omitted). An alternative remedy, such as the grievance process, "alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. at 1858. The grievance process is a special factor counseling hesitation to recognizing Plaintiff's First Amendment claims. Although Plaintiff's access to the grievance process was arguably frustrated, the grievance

---

[8] At least two other district courts have also found a First Amendment retaliation claim is cognizable under *Bivens*. *Jerra v. United States*, 2018 WL 1605563, at *4 (C.D. Cal. Mar. 29, 2018); *Loumiet v. United States*, 292 F.Supp.3d 222, 229 (D.D.C. 2017).

13

(4:17-CV-952)

process was still available to him, unlike in *Himmelreich*. Despite alleging that he was placed in the SHU in retaliation for submitting grievances against Jones, Plaintiff continued to submit grievances and demanded an explanation for why he was placed there. ECF No. 1 at PageID #: 31-34, ECF No. 53-2 at PageID #: 502-03, 505-06, 508-10. By contrast, in *Himmelreich*, the undersigned found that the alleged retaliation against Himmelreich prevented him from submitting any grievance. *Himmelreich*, 2019 WL 4694217, at *11.

In addition, Plaintiff was transferred to a different prison facility, which was one of the remedies he sought when he filed the grievances. ECF No. 1 at PageID #: 2, 31-32, 34, 71-72; ECF No. 53- 2 at PageID #: 492, ¶ 4. Although this was not the only remedy he sought, and he seeks monetary damages to further remedy his alleged injury, a remedy need only be adequate to foreclose a *Bivens* action. See *Abbasi,* 137 S. Ct. at 1863; *Wilkie v. Robbins*, 551 U.S. 537, 553 (2007); *Corr. Servs. Corp v. Malesko*, 534 U.S. 61, 70 (2001).

Given that the Court finds there are "special factors counseling hesitation," the Court finds that Plaintiff's retaliation claims are not cognizable under *Bivens*.[9] Accordingly, the remaining First Amendment claims are dismissed.

---

[9] To the extent Plaintiff attempts to distinguish his First Amendment retaliation claims from his First Amendment denial of access to the courts claims, the Court also concludes the latter claims are not cognizable under *Bivens*.

14

(4:17-CV-952)

### IV. Plaintiff's Motions

#### A. Motion to Appoint Counsel

Because all of Plaintiff's claims are dismissed, Plaintiff's motion to appoint counsel (ECF No. 56) is denied as moot.

#### B. Motion for Extension of Time

Plaintiff's motion for extension of time to file a response to Defendants' answer (ECF No. 58) is denied as unnecessary.

#### C. Motion to Admit into Evidence

Plaintiff's motion to admit into evidence (ECF No. 61) is denied as moot.

### V. Conclusion

For the reasons stated herein, Defendants' motion to dismiss (ECF No. 53), construed in part as a motion for summary judgment, is granted and all of Plaintiff's claims are dismissed with prejudice. Plaintiff's motion for appointment of counsel (ECF No. 56) is denied, Plaintiff's motion for extension of time (ECF No. 58) and motion to admit into evidence (ECF No. 61) are denied as unnecessary. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   October 31, 2019   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |